## THOMAS F. DUNN *vs.* MYRTLE A. DUNN.

MARCH 3, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

FROST, J. This is a bill in equity for the partition of certain real estate located in the city of Warwick. After the bill was filed, the respondent did not demur, plead or an-

swer but filed a motion to dismiss alleging therein new matter not appearing in the bill. After a hearing on such motion the trial justice entered a decree denying and dismissing the bill without prejudice. The case is here on the complainant's appeal from that decree.

The parties were formerly husband and wife but are now divorced and living apart. The property is owned jointly and because it cannot be partitioned by metes and bounds complainant is asking that a sale be made.

The complainant's main contention as expressed in his reasons of appeal raises a question of pleading and procedure, namely, whether it was proper to entertain a motion to dismiss the bill of complaint on the ground of new matter introduced through a motion.

The respondent is in error in her assertion that since the partition is a statutory proceeding the strict rules of equity pleading are not applicable. The statute authorizes partition of real estate and states that it may be had by writ of partition or bill in equity. General laws 1956, §34-15-1. In the instant cause complainant has seen fit to seek relief by bill in equity. Therefore in our opinion respondent should have replied as required by §9-14-7 which provides that a demurrer, plea or answer shall be filed within thirty days after the return day.

While there are situations where a motion to dismiss is proper, such as for lack of jurisdiction appearing on the face of the bill or for lack of prosecution, we are of the opinion that where a respondent attempts to defeat the bill through allegations of facts not upon the record such facts should be introduced through plea or answer. The respondent has cited no authority to us nor has the court found any which in equity practice permits the filing of a motion to dismiss with attendant new matter in substitution for an answer or plea.

The situation here is similar to that found in law actions. In the case of *Harding* v. *Carr*, 74 R. I. 59, it appeared that

388

in an action of negligence where the defendant attempted to raise the question of res judicata by a motion to dismiss, the court held that the proper way to raise such question was by plea unless the facts appeared in the declaration, in which case it was by demurrer. See *Collins* v. *Shepherd*, 71 R. I. 469; *O'Brien* v. *M & P Theatres Corp.*, 72 R. I. 289; *Giarrusso* v. *Brown & Sharpe Mfg. Co.*, 72 R. I. 229.

Under the pertinent statute and practice approved by this court, an answer or plea should have been filed rather than a motion to dismiss, and the trial justice erred in hearing such motion.

Therefore the complainant's reason of appeal as to this motion is sustained, the decree appealed from is reversed, and the cause is remanded to the superior court with direction to reinstate the bill of complaint and permit the respondent to reply thereto if she so desires.

*Fergus J. McOsker,* for complainant.

*Hart, Lark & Lovell, Hoyt W. Lark,* for respondent.